Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| OMAR SAFAR HALABI<br><br>Apelado<br><br><br>v.<br><br><br>CARLOS NOEL BERRÍOS CASILLAS; RUBÉN SERGIO SOLANOT QUIROGA<br><br>Apelantes | TA2025AP00404 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2024CV07091<br><br>Sobre: Daños y Perjuicios, Abuso de Derecho, Persecución Maliciosa |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece la parte apelante, Carlos N. Berríos Casillas, y nos solicita que revoquemos la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 18 de julio de 2025. Mediante dicho dictamen, en lo pertinente, el foro primario declaró Ha Lugar la solicitud de desestimación promovida por la parte apelada, Omar Safar Halabi, en cuanto a la causa de acción por persecución maliciosa de la reconvención instada por la parte apelante. En consecuencia, el foro apelado desestimó con perjuicio dicha causa de acción.

Por los fundamentos que exponemos a continuación, se confirma el dictamen apelado.

## I

El 30 de julio de 2024, Omar Safar Halabi (Safar Halabi o apelado) incoó una *Demanda* sobre daños y perjuicios, abuso de derecho y persecución maliciosa en contra de Carlos N. Berríos

Casillas (Berríos Casillas o apelante) y Rubén S. Solanot Quiroga (Solanot Quiroga).[1]

Por su parte, el 20 de marzo de 2025, Berríos Casillas presentó una *Contestación a la Demanda y Reconvención.*[2] En esencia, negó las alegaciones en su contra y levantó varias defensas afirmativas. En lo atinente, Berríos Casillas esbozó las siguientes alegaciones en su reconvención:

1. [...]
2. El compareciente, como representante de Fidelity Business Corp. (en adelante "Fidelity"), figuró como dueño y residente de la Unidad #5 en el proyecto de Madeira Row Houses (en adelante "Madeira") desde en o alrededor de 2016 hasta el mes de octubre de 2024, cuando se mudó de allí. Al presente, Fidelity sigue siendo titular, pero está en proceso de promover pronto, la venta de la Unidad.
3. El Sr. Halabi comenzó a residir en la Unidad #2 de Madeira, en o alrededor del año 2017.
4. Desde entonces, el Sr. Halabi, como residente del proyecto Madeira Row Houses, ocasionó molestias y daños continuos al compareciente como parte de la convivencia diaria en dicho complejo de vivienda.
5. A manera de ejemplo, sin que se entienda como una limitación, el Sr. Halabi envió múltiples comunicaciones de texto con insultos, amenazas y otro tipo de comunicación dañina al compareciente; el Sr. Halabi se dedicó a propagar información falsa en cuanto al compareciente, afectando su reputación y buen nombre, con historias de contenido sensitivo relacionado con alegados actos violentos, y de tipo sexual, contra mujeres por el compareciente; el Sr. Halabi envió múltiples comunicaciones por correo electrónico del mismo modo amenazantes, ocasionando constante molestias y malestar al compareciente; el Sr. Halabi ocasionó múltiples incidentes violentos con otras personas de Madeira que[,] a su vez, afectaban al compareciente; el Sr. Halabi instó un patrón de amenazas, insultos y chantajes continuos e incesantes.
6. Tales actuaciones se convirtieron en un patrón insostenible que motivó en su momento al compareciente a auscultar una orden de protección, que en efecto le fue concedida bajo el SJL284-2022-02814.
7. Sin embargo, tales conductas continuaron, lo que hizo la convivencia en Madeiraa *[sic]* imposible.
8. Estando en mi residencia, sufría de ansiedad, molestias indebidas y otros malestares ocasionados por la conducta del Sr. Halabi antes descrita. Esto afectó mi derecho al disfrute de mi propiedad.
9. Como consecuencia de lo anterior[,] tuve que forzosamente mudarme a otra propiedad que no cuenta con las mismas características ni comodidades de mi anterior propiedad en Madeira. Por ejemplo, pero sin limitación, mi unidad en Madeira contaba con piscina privada, vista y acceso directo al mar y contaba con un

---

[1] Entrada Núm. 1 del Caso Núm. SJ2024CV07091 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Entrada Núm. 61 del Caso Núm. SJ2024CV07091 en el SUMAC.

espacio mucho más grande, amplio y cómodo que el lugar donde tuve que mudarme por motivo de las constantes molestias, acecho, amenazas y otras conductas del demandante contra el compareciente.

10. Como consecuencia de lo anterior[,] estoy en el proceso forzoso de poner en venta la Unidad en Madeira.

11. En adición, el Sr. Halabi ha instado múltiples pleitos civiles en los que me ha incluido como demandado, en mi carácter personal, sin razón en hechos, ni en derecho para ello, ocasionando molestias indebidas adicionales. Lo anterior, a pesar de conocer que mi función como parte de la Asociación, fue de forma voluntaria y solo como miembro o director de dicha entidad, sin ningún beneficio ni propósito personal.

12. Se trata de los casos civiles SJ2020CV03944 y SJ2022CV11094.

13. En el caso SJ2020CV03944 el Sr. Halabi incluyó como codemandado, en su carácter personal al compareciente, a pesar de que este nada tenía que ver en dicho carácter con las alegaciones del caso.

14. El compareciente tuvo que defenderse en dicho caso por espacio de cinco (5) años, incluyendo recursos al Tribunal de Apelaciones y Supremo de Puerto Rico.

15. En el SJ2020CV03944 se dictó Sentencia el 14 de noviembre de 2022, pero el 4 de enero de 2024 el demandante comenzó un proceso de ejecución de sentencia contra el compareciente en su carácter personal, que tuvo su fin por medio de estipulación de 27 de enero de 2025 en la que el demandante aceptó que la satisfacción de la Sentencia fue hecha por la Asociación de Titulares de Madeira Row Houses, Inc. por medio de un crédito a su favor y así el demandante reconoció y se estipuló finalmente en vista celebrada el pasado 27 de enero de 2025. El compareciente reclamó honorarios por temeridad y frivolidad por parte del aquí demandante en dicho caso. En la vista de 27 de enero de 2025 que puso fin al pleito, el [t]ribunal impuso al aquí demandante el pago de $5,000 en concepto de honorarios a favor del compareciente (junto al Sr. Solanot).

16. Como parte del proceso de ejecución antes mencionado, el compareciente tuvo que incurrir, incluso, en gastos legales adicionales en un recurso al Tribunal de Apelaciones en el que resultó prevaleciente bajo el número KLCE2024000390. Tales gastos ascienden a no menos de $30,000.00[.]

17. En el SJ2022CV03944 donde el Sr. Halabi trajo nuevamente y de forma frívola y temeraria, como tercero demandado al compareciente en su carácter personal, el [t]ribunal desestimó el caso a favor del compareciente por entender que no se justificaban las alegaciones para conceder remedios a favor del demandante contra el compareciente. Lo anterior, por medio de Sentencia Parcial de la que el demandante no recurrió, dictada el 10 de enero de 2025, archivada en autos copia de la notificación el mismo día. Es decir, el Sr. Halabi instó un pleito civil contra el compareciente en el que no prevaleció.

18. Ahora, el presente pleito es una muestra más del patrón de acecho y molestias en el que ha incurrido el demandante contra el compareciente de forma continua desde el momento en que se mudó a Madeira, y hasta el presente, cuando, a pesar de que el compareciente ya no vive allí, sigue sufriendo las consecuencias de las falsas acusaciones y actuaciones al margen de la ley del demandante, contra el compareciente.

[...]

27. Los hechos que se relatan en los párrafos 1 al 17 anteriores demuestran el tipo de conductas que dieron pie a pleitos civiles en los que el demandante fue promovente contra el compareciente de forma maliciosa, habiéndose desestimado uno de los casos, y en el otro, habiendo reconocido el demandante la satisfacción de la Sentencia por la Asociación, y no el compareciente en su carácter personal, como reclamó infructuosamente en su momento el demandante.

28. A su vez, las actuaciones del demandante fueron la causa de que el compareciente tuviera que vender su propiedad, y mudarse a otra, por impedir el demandante la sana convivencia y disfrute de la propiedad del compareciente.

29. Los actos descritos en la Reconvención constituyen acciones u omisiones del demandante-reconvenido que han ocasionado daños al compareciente que se estiman, al presente, en una cantidad no menor de CINCO MILLONES DE DÓLARES ($5,000,000.00).

[...]

39. Los actos descritos en la Reconvención constituyen acciones u omisiones del demandante-reconvenido que a su vez son frívolos y temerarios, procediendo la imposición de honorarios a favor de los comparecientes en una cantidad no menor de TRESCIENTOS MIL DÓLARES $300,000.00[.]

Luego de varios trámites procesales, el 27 de marzo de 2025, Safar Halabi instó una *Moción de Desestimación de Reconvención*, al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[3] En síntesis, alegó que la acción de daños instada mediante reconvención, fundamentada en la presentación de los casos SJ2020CV03944 y SJ2022CV11094, chocaba con la jurisprudencia vigente, pues no contenía circunstancias extraordinarias que ameritaran la concesión de daños. Aclaró que los referidos casos fueron atendidos por el foro primario. Según

---

[3] Entrada Núm. 70 del Caso Núm. SJ2024CV07091 en el SUMAC.

adujo, en uno de ellos se declaró Ha Lugar la demanda en contra de Berríos Casillas y en el otro no se hizo determinación alguna de temeridad. En virtud de ello, solicitó que se desestimara la reconvención por no exponer una reclamación que justificara la concesión de un remedio.

En respuesta, el 29 de abril de 2025, Berríos Casillas se opuso.[4] En esencia, sostuvo que el caso de epígrafe estaba basado en una serie de alegaciones de persecución maliciosa en su contra que, de su faz, demostraban que la alegada persecución planteada en su reconvención fue efectuada por Safar Halabi y no viceversa. Arguyó que, por lo anterior y por una serie de incidentes adicionales, había incoado la reconvención en cuestión. Argumentó que las alegaciones que fundamentaban su reclamo de daños y perjuicios no se limitaban a los casos civiles instados en su contra por Safar Halabi, sino a una serie de incidentes que, tomados como ciertos, daban lugar al remedio que solicitaba. En vista de lo anterior, sostuvo que la reconvención justificaba la concesión de los remedios solicitados, por lo que no procedía la desestimación promovida por Safar Halabi.

Evaluadas las posturas de las partes, el 18 de julio de 2025, el Tribunal de Primera Instancia emitió y notificó la *Sentencia Parcial* que nos ocupa, mediante la cual, en lo pertinente, declaró Ha Lugar la solicitud de desestimación promovida por Safar Halabi, en cuanto a la causa de acción por persecución maliciosa.[5] En particular, respecto a las alegaciones de responsabilidad contra Safar Halabi, el foro juzgador expresó que los inconvenientes, molestias y estorbos que toda persona podía experimentar ante un reclamo judicial, como en la defensa de lo que entendía eran sus derechos y prerrogativas, quedaban fuera del alcance de la definición de daños reclamables

---

[4] Entrada Núm. 75 del Caso Núm. SJ2024CV07091 en el SUMAC.
[5] Entrada Núm. 87 del Caso Núm. SJ2024CV07091 en el SUMAC.

judicialmente. Indicó que, aun tomando como ciertas las alegaciones esbozadas en la reconvención, el Caso Núm. SJ2020CV03944 resultó con una sentencia final y firme a favor de Safar Halabi y en contra de la Asociación de Titulares de Madeira Row Houses, Inc., así como de Solanot Quiroga, Roberto J. Alfonso y Berríos Casillas en su carácter personal. Señaló, además, que dicha determinación fue confirmada por el Tribunal de Apelaciones en el caso KLAN202201015.

El foro de origen determinó que no existían alegaciones de hechos concretos y contemporáneos que establecieran plausiblemente el elemento de malicia. Reiteró que la teoría de persecución maliciosa y abuso del derecho era excepcional y los inconvenientes, molestias y estorbos que se podían experimentar ante un reclamo judicial quedaban fuera del alcance de la definición de daños reclamables judicialmente. Señaló que el mero hecho de ser parte demandante en un caso no cumplía por sí solo con los elementos de la causa de acción de persecución maliciosa. Asimismo, expresó que tampoco podía tomar en consideración la acción de epígrafe, pues ni siquiera había una adjudicación a favor de una u otra parte. Coligió que no existían alegaciones de hechos suficientes que, aun dándolas por ciertas, permitieran concluir que hubo una persecución maliciosa. Por lo anterior, resolvió que Berríos Casillas no tenía una causa de acción en contra de Safar Halabi por persecución maliciosa.

En desacuerdo, el 4 de agosto de 2025, Berríos Casillas presentó una *Moción de Reconsideración de Sentencia Parcial*,[6] a la cual Safar Halabi se opuso el 2 de septiembre del mismo año.[7]

---

[6] Entrada Núm. 89 del Caso Núm. SJ2024CV07091 en el SUMAC.
[7] Entrada Núm. 93 del Caso Núm. SJ2024CV07091 en el SUMAC.

Atendida la solicitud, el 3 de septiembre de 2025, el foro *a quo* la declaró No Ha Lugar.[8]

Inconforme, el 1 de octubre de 2025, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA CAUSA DE ACCIÓN DE PERSECUCIÓN MALICIOSA DEL COMPARECIENTE, TODA VEZ QUE LAS ALEGACIONES, TOM[Á]NDOSE COMO CIERTAS, JUSTIFICAN LA CONCESIÓN DE REMEDIOS BAJO LA CAUSA DE ACCIÓN DE PERSECUCIÓN MALICIOSA; CUANDO MENOS, JUSTIFICAN QUE SE GARANTICE EL DÍA EN CORTE AL COMPARECIENTE.

En cumplimiento con nuestra *Resolución* del 3 de octubre de 2025, la parte apelada compareció mediante un *Alegato en Oposición a Escrito de Apelación* presentado el 31 de octubre del año corriente.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A

Nuestro ordenamiento jurídico promueve el interés de que todo litigante tenga su día en corte. Esta postura responde al principio fundamental y política judicial de que los casos se ventilen en sus méritos y se resuelvan de forma justa, rápida y económica. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1; *Banco Popular v. S.LG. Negrón*, 164 DPR 855, 874 (2005); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). No obstante, nuestro ordenamiento permite la presentación de mociones dispositivas con el propósito de que todos o algunos de los asuntos en controversia sean resueltos sin necesidad de un juicio en su fondo. Los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil,

---

[8] Entrada Núm. 94 del Caso Núm. SJ2024CV07091 en el SUMAC.

de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, ese proceder se debe ejercer juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales,* 113 DPR 494, 498 (1982). Es decir, la desestimación de un pleito constituye el último recurso al cual se debe acudir. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738 (2005).

La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, es aquella que formula la parte demandada antes de presentar su alegación responsiva, mediante la cual solicita que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008); *Colón v. Lotería*, 167 DPR 625, 649 (2006). Dicho petitorio deberá basarse en uno de los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2; *Díaz Vázquez y otros v. Colón Peña y otros*, 2024 TSPR 113, resuelto el 25 de octubre de 2024; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, 2024 TSPR 112, resuelto el 21 de octubre de 2024; *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Blassino Alvarado y otro v. Reyes Blassino y otro*, 2024 TSPR 93, resuelto el 20 de agosto de 2024; *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065-1066 (2020).

Al resolver una moción de desestimación bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra*, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan

sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro*, 2025 TSPR 1, resuelto el 7 de enero de 2025; *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros*, supra; *Rivera Candela y otra v. Universal Insurance Company*, supra; *Blassino Alvarado y otro v. Reyes Blassino y otro*, supra; *Costas Elena y otros v. Magic Sport y otros*, supra; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023); *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022); *Cruz Pérez v. Roldán Rodríguez et al.*, 206 DPR 261, 267 (2021). Asimismo, tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante. *Íd.*; *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, págs. 428-429; *Dorante v. Wrangler of P.R.*, 145 DPR 408, 414 (1998). En vista de ello, la desestimación procedería únicamente cuando de los hechos alegados no podía concederse remedio alguno a favor de la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013), citando a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.

Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, supra, pág. 429. En otras palabras, se debe considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Díaz Vázquez y otros v. Colón Peña y otros*, supra; *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497 (1994); *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991). Ahora bien, si tras este análisis el tribunal aún entiende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente bajo

el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena y otros v. Magic Sport y otros*, supra.

**B**

Sabido es que el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023). A tenor con ello, al analizar una solicitud de desestimación, los tribunales deben tener presente que la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1, solo exige que las alegaciones contengan una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio. *Rivera Candela y otra v. Universal Insurance Company*, 2024 TSPR 99, resuelto el 11 de septiembre de 2024; *Eagle Security v. Efrón Dorado et al.*, supra.

Ahora bien, en el ámbito federal, el Tribunal Supremo de los Estados Unidos tuvo ocasión de interpretar la contraparte federal de nuestra Regla 6.1, la Regla 8(a) de Procedimiento Civil Federal, al resolver *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), y *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Por medio de los citados casos, el Alto Foro federal incorporó la plausibilidad como criterio de desestimación. Dicho parámetro exhorta a los tribunales de instancia a eliminar de la demanda aquellas alegaciones conclusorias que no deben presumirse como ciertas. R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil*, 6ta ed., Ed. Lexis Nexis, 2017, sec. 2604, pág. 307. De esta manera, el foro sentenciador estará en posición de auscultar si las alegaciones bien fundamentadas establecen una reclamación plausible, "que justifique que el demandante tiene derecho a un remedio, guiado en su análisis por la experiencia y el sentido común". *Íd.* Incumplido el

criterio de plausibilidad, procede desestimar la demanda e impedir que la causa de acción prosiga bajo el supuesto de que en el descubrimiento de prueba se probarán las alegaciones conclusorias. *Íd.* Ello "persigue una mayor precisión en los hechos bien alegados para lograr una mejor definición de la controversia trabada en las alegaciones".

### C

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Sin embargo, la norma de deferencia esbozada encuentra su excepción y cede cuando la parte promovente demuestra que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad. *BPPR v. SLG Gómez-López,* supra; *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689 (2012). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Por *discreción* se entiende el "tener poder para decidir en una forma u otra, esto es, para escoger entre uno o varios cursos de

acción". *García v. Asociación*, 165 DPR 311, 321 (2005), citando a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). No obstante, "el adecuado ejercicio de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.* A esos efectos, el Tribunal Supremo de Puerto Rico ha indicado cuáles son situaciones que constituyen un abuso de discreción, a saber:

> [C]uando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos. *Ramírez v. Policía de P.R.*, 158 DPR 320, 340-341 (2002), citando a *Pueblo v. Ortega Santiago*, supra, págs. 211-212. Véase, además, *BPPR v. SLG Gómez-López*, supra.

Así, pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. *Rivera et al. v. Arcos Dorados et al.*, supra. En otras palabras, la discreción no opera en un vacío y tampoco puede ser en "función al antojo o voluntad de uno, sin tasa ni limitación alguna". *BPPR v. SLG Gómez-López*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

A la luz de la normativa antes expuesta, procedemos a disponer de la controversia ante nuestra consideración.

**III**

Como único señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al desestimar la causa de acción de persecución maliciosa incluida en su reconvención. Según arguye, al tomar como ciertas las alegaciones allí esbozadas, se justifica la concesión de remedios bajo dicha causa de acción. En la alternativa, plantea que las referidas alegaciones, cuando menos, justifican que se garantice su día en corte.

Hemos examinado cuidadosamente el trámite procesal, los escritos de las partes, así como la normativa aplicable y concluimos que el Tribunal de Primera Instancia no incidió al desestimar la causa de acción en contra de la parte apelada. Nos explicamos.

Según reseñáramos, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra*, permite que la parte demandada -en este caso reconvenida- presente una moción de desestimación levantando como defensa que la demanda -aquí reconvención- incoada en su contra deja de exponer una reclamación que justifique la concesión de un remedio. Al resolver este tipo de moción dispositiva bajo dicho fundamento, se tomarán como ciertos todos los hechos bien alegados en la demanda o reconvención y que hayan sido aseverados de manera clara y concluyente; y que de su faz no den margen a dudas. Dichas alegaciones deben contener una relación sucinta y sencilla de los hechos y la solicitud del remedio. Ello sin perder de vista el criterio de plausibilidad, el cual exhorta a eliminar de la demanda o reconvención aquellas alegaciones conclusorias que no deben presumirse como ciertas. Asimismo, tales alegaciones se interpretarán conjuntamente, liberalmente y de la forma más favorable posible para la parte demandante o reconviniente. La demanda o reconvención no deberá desestimarse, a menos que se demuestre que la parte demandante o reconviniente no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. Tampoco procede la desestimación, si la demanda o reconvención es susceptible de ser enmendada.

Al evaluar las alegaciones sobre persecución maliciosa contenidas en la reconvención instada por la parte apelante, concluimos que estas no superan los criterios establecidos en las Reglas 6.1 y 10.2(5) de Procedimiento Civil, *supra*, según discutidos previamente. La parte apelante se limitó a esbozar conclusiones de derecho y alegaciones que no exponían los presuntos daños

sufridos. Luego de entender sobre las alegaciones esbozadas en la reconvención en cuanto a la presunta persecución maliciosa, colegimos que estas carecen de especificidad que puedan dar base a una posible reclamación que justifique la concesión de un remedio. En particular, las alegaciones contenidas en la reconvención van dirigidas a molestias de la parte apelante ante acciones legales incoadas en su contra por el apelado. Cabe destacar que los inconvenientes, molestias y estorbos que se pueden experimentar ante un reclamo judicial quedan fuera del alcance de la definición de daños reclamables judicialmente.

Al tomar como ciertos todos los hechos bien alegados sobre persecución maliciosa en la reconvención y aseverados de manera clara y concluyente, de la forma más favorable para la parte apelante, no puede inferirse que la parte apelada incurriera en conducta que pueda justificar los remedios solicitados, sino que se trata de alegaciones conclusorias y carentes de una alegación concreta de daños. En atención a lo anterior, concluimos que el foro primario no incidió al declarar Ha Lugar la solicitud de desestimación promovida por la parte apelada.

En mérito de lo anterior y como correctamente determinó el foro apelado, procedía desestimar la causa de acción sobre persecución maliciosa instada en contra de la parte apelada. En consecuencia, confirmamos la determinación apelada.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones